## Newman v. International Underwriters, Inc.

*Bortin & Frater*, for plaintiff.

*J. J. McDevitt, 3rd,* for defendant.

HAGAN, P. J., July 15, 1963.—This is an assumpsit action upon an insurance policy in which defendant insurance company is an Indiana corporation. Defendant filed preliminary objections in the nature of a petition raising a question of jurisdiction, which are presently before us.

Defendant's preliminary objections aver in substance that defendant does no business in Pennsylvania, has no agents in Pennsylvania, and is not authorized to do business in Pennsylvania; that service of the complaint was made upon defendant by substituted service under the provisions of the Unauthorized Insurer's Process Act of May 20, 1949, P. L. 1491, 40 PS §1005.1, et seq.; that the insurance policy upon which plaintiffs suit was effectuated in accordance with the excess insurance brokers provisions of the Act of May 17, 1921, P. L. 789, sec. 624, as amended, 40 PS §254; and that the Unauthorized Insurer's Process Act, which authorizes substituted service upon unauthorized insurers writing insurance in Pennsylvania, expressly excludes, in section 5 thereof, 40 PS §1005.5, suits upon policies issued under the excess insurance brokers provisions of the Act of 1921, supra. Defendant, therefore, contends that service was defective, and should be set aside.

Plaintiffs, in their argument upon defendant's preliminary objections, concede that service was made upon defendant under the provision of the Unauthorized Insurer's Process Act, and that section 5 of that act excludes suits upon policies effectuated in accordance with the excess insurance brokers provisions of the Act of 1921. Plaintiffs argue, however, that one of the requirements of the excess insurance brokers provision of the 1921 Act is that any policy issued thereunder shall have written or printed on the outside thereof the words "licensed excess insurance broker." Plaintiffs further argue that the policy upon which this suit was brought did not have the required words written or printed on the outside thereof. Accordingly, plaintiffs contend that the policy was not properly effectuated in accordance with the requirements of the excess insurance brokers provisions of the 1921 Act; and, therefore, did not come within the exemption of the 1949 Act.

If the facts upon which plaintiffs' legal argument is based were properly in the record, the argument would have merit, and the preliminary objections would have to be dismissed. Unfortunately, however, plaintiffs filed no answer to defendant's preliminary objections in the nature of a petition raising a question of jurisdiction. Therefore, there are no facts upon the record to substantiate plaintiffs' legal argument. The court is of the opinion, however, that plaintiffs' legal rights should not be defeated by procedural defects. Accordingly, plaintiffs are hereby granted 20 days within which to file an answer to defendant's preliminary objections; and defendant's preliminary objections are hereby dismissed without prejudice to defendant's rights to press them at a later stage of the proceedings.